IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Charley, ) | |
| ) | Civil Action No. 6:14-3568-BHH-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John Pate, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    This matter is before the court on the petitioner's motion for default judgment (doc. 18). The petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

    The petitioner filed a petition for writ of habeas corpus on September 9, 2014. On that same date, the undersigned authorized service of process and directed the respondent to file an answer or other response to the petition as soon as reasonably possible but no later than 50 days from the date of service. On September 22, 2014, the petitioner filed a motion for summary judgment (doc. 12). The response to that motion was due by October 9, 2014. The respondent filed a motion for extension of time to file a response to the motion for summary judgment on October 9th (doc. 13). That motion was granted, and the period of time for response was extended to November 3, 2014 (doc. 15). On November 3, 2014, the respondent filed a second motion for extension of time to file a response to the petitioner's motion for summary judgment (doc. 20). That motion was granted, and the period of time for response was extended through December 4, 2014 (doc. 21).

On October 27, 2014, the petitioner filed a motion for default judgment (doc. 18). The petitioner contends that the response to his motion for summary judgment was due on or before 4:30 p.m. on October 9, 2014, and because the respondent filed the motion for extension of time on October 9th at 5:14 p.m., it was 44 minutes late, and he is entitled to default judgment.

The petitioner's motion is meritless. Pursuant to Rule 6.3 of the Electronic Case Filing Policies and Procedures for the District of South Carolina, "Timeliness of electronic filing is based on local time in the District of South Carolina (eastern time zone). Filing must be completed with a court generated NEF before midnight in the eastern time zone to be considered timely filed that day." *Available at* http://www.scd.uscourts.gov/CMECF/procedures.asp. Accordingly, the respondent timely filed a motion for extension of time on October 9, 2014. Moreover, default judgment is not available in a habeas action. *See Kelley v. McCall*, C.A. No. 3:09-3133-HMH-JRM, 2010 WL 1999521, at *3 (D.S.C. Apr. 26, 2010) ("Rule 55, Fed. R. Civ. P., pertaining to default judgment, is not applicable to habeas cases."), adopted by 2010 WL 1999488 (D.S.C. May 19, 2010). Based upon the foregoing, the motion (doc. 18) should be denied.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

November 12, 2014
Greenville, South Carolina