IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Charley,  )<br>  )<br>                     Petitioner,  )<br>  )<br>  vs.  )<br>  )<br>John Pate,  )<br>  )<br>                     Respondent.  )<br>  ) | Civil Action No.6:14-3568-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

      The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

      The petitioner is currently confined at the Allendale Correctional Institution in the South Carolina Department of Corrections. He was indicted by an Orangeburg County Grand Jury in July 2004 for armed robbery.[1] On September 9, 2004, the petitioner pled guilty before the Honorable James C. Williams, Jr., and was sentenced to fifteen years imprisonment. The petitioner did not appeal his conviction or sentence.

---

[1] There is no state court appendix or transcript of the guilty plea because the petitioner did not file an appeal or timely file a state PCR application. Also, no hearing was held in connection with the first two state PCR applications that the petitioner filed. The respondent did not order copies of the hearings held on the motion to dismiss the petitioner's third (2012) PCR application on November 1, 2013, and June 24, 2014, during which the state PCR judges heard arguments from the parties, since that application was dismissed on procedural grounds and no testimony was taken at those hearings.

*First PCR*

On May 7, 2009, the petitioner filed his first application for post conviction relief ("PCR") (2009-CP-38-0796). He alleged the following grounds in his application:

1. "Written Notice Requirement."
2. "Brady Violation."
3. "Prosecutorial Misconduct."
4. "Involuntary plea."

On June 25, 2009, the respondent filed its return and motion to dismiss, arguing that the petitioner's 2009 PCR application was barred by the statute of limitations governing the filing of PCR actions, S.C. Code Ann. § 17-27-45(A)(2003) (doc. 37-1 at 2-3).

On June 29, 2009, Judge Williams filed a conditional order of dismissal finding that the application was untimely under Section 17-27-45(a) and conditionally dismissed it. The petitioner was given 20 days from the date on which the conditional order was served on him to show cause why a final order should not be entered. The petitioner filed two responses to the conditional order of dismissal on June 22 and 26, 2009. In his responses, the petitioner claimed:

> – "Whether the State is required by law to inform a defendant that it plans to seek enhanced sentencing for recidivist repeat offender statute section (17-25-45)?"
>
> – "Whether defendant received adequate notice of the State's intention to seek life without parole or without the intent as required by S.C. Code Ann. § 1 7-25-45 (repeat offender statute)?"
>
> – "Whether trial judge committed reversible error in refusing to charge all of S.C. Code Ann. §16-11-311 (Supp. 1998)?"
>
> – Brady violation.
>
>> "The defendant Timothy Charley #265146 asserts that there is a reasonable probability that had the prosecution disclose the evidence he would have chosen to go to trial or pleaded to a
>
> lesser offense. The Applicant has established sufficient reason why he could not raise his current ground in his previous application for PCR; therefore, he has met the burden imposed upon him with a viable explanation or justification for seeking PCR regarding

current dangerousness, and no finding of such dangerousness not to run his three sentences concurrent for parole consideration.'"

– Involuntary guilty plea.

(Doc. 37-4 at 3-6).

The petitioner also filed a document captioned "Motion for Summary Judgment Rule 56 S.C.R.C.V.P." on July 2, 2009, in which he contended that there were variances between the information contained in the arrest warrant and information contained in a police incident report. Finally, there was a document from the petitioner, dated October 12, 2009, and captioned "Default of Judgment," in which the petitioner asserted that he was entitled to summary judgment because the respondent did not make a response to his summary judgment filing (doc. 37-6 at 2). The Honorable Diane Goodstein, Chief Administrative Judge for the First Judicial Circuit, reviewed the petitioner's response, and on February 26, 2010, dismissed the 2009 application, with prejudice in a final order. The petitioner did not appeal the order.

***Second PCR***

On October 29, 2010, the petitioner filed a second PCR application (doc. 37-9) asserting the following claims:

> 1. Denial of Due Process.
>    a. Applicant was pro se in prior PCR application as was not told of right to appeal.[2]
>
> 2. Ineffective Assistance of Counsel.

The respondent filed a return and motion to dismiss on April 4, 2011, requesting that the 2010 application be summarily dismissed because it was successive and because it was barred by the statute of limitations. The Honorable Edgar W, Dickson, Chief Administrative Judge of the First Judicial Circuit, signed a conditional order of dismissal on April 7, 2011

---

[2] Contrary to this allegation, the last page of the 2010 Final Order advises the petitioner of his right to appeal within 30 days with reference to Rules 203 and 243, SCSACR. *See* doc. 37-7, Final Order dated Jan. 25, 2010

3

(doc. 37-11). Judge Dickson found that the 2010 application should be dismissed based on the statute of limitations and successiveness and gave the petitioner 20 days within which to show cause why a final order should not be entered. The petitioner did not file a timely response, and a final order dismissing the 2010 application was filed on September 27, 2011 (doc. 37-13). The petitioner did not appeal the denial of his 2010 Application.

*Third PCR*

On June 28, 2012, the petitioner filed a third PCR application (doc. 37-15) in which he presented the following claims for relief:

> 1. "Fraud upon the Court."
> 2. "Violation to Petitioner's Due Process Amendment Rights."
> 3. "Violation to Petitioner's Due Process Rights to 28 U.S.C. §1915, Rule 4 and 55 of the Federal Rules of Civil Procedure."

The respondent filed its return and motion to dismiss on October 9, 2012. The respondent argued that the 2012 application should be summarily dismissed because it was successive and barred by the statute of limitations and because it failed to state a claim upon which relief could be granted.

On November 13, 2012, Judge Goodstein signed a conditional order of dismissal, provisionally dismissing the petitioner's 2012 application but giving him 20 days from the date of service to show cause why the conditional order of dismissal should not become final. The petitioner was served with the conditional order on December 21, 2012.

In response to the conditional order, the petitioner submitted a "Response and Motion to Amend Post-Conviction Relief" on December 27, 2012 (doc. 37-19). In that pleading, he asserted that his claims constituted newly-discovered evidence and thus allowed him to proceed on his successive and untimely application. However, this

4

response failed to state what evidence was newly-discovered. The petitioner filed a second document on December 5, 2012, captioned "Writ of Mandamus" (doc. 37-20).[3]

On November 1, 2013, a hearing on the respondent's motion to dismiss (doc. 37-16) was held at the Dorchester County Courthouse. The petitioner was present and represented by counsel, Jonathan Waller. The respondent was represented by Assistant Attorney General Megan E. Harrigan. At this hearing, the respondent renewed its motion to dismiss the petitioner's third PCR application, asserting the grounds set forth in the written motion. In response to the motion to dismiss, the petitioner argued that he should be allowed to proceed with his third application because he was never advised of his right to appellate review of his guilty plea by his plea counsel, Crystal Chapman. He contended that plea counsel was suffering from significant health concerns at the time that hindered her representation of him, including her failure to advise him of his right to file an appeal. The petitioner further contended that his new claim should not be barred by the statute of limitations (doc. 37-24 at 4-5). The respondent argued that it had not been given notice of his new allegation, but that this allegation should still be barred pursuant to South Carolina Code § 17-27-90, since it could have and should have been raised, if at all, in one of his two previous applications (doc 37-24 at 5).

On March 7, 2014, Judge Goodstein dismissed the third PCR application (doc. 37-24). In her order, Judge Goodstein found:

> [T]he allegations as set forth in the original application for Post-Conviction Relief should be summarily dismissed for failure to state a claim cognizable under the Post-Conviction Procedure Act S.C. Code Ann. § 17-27-10 to -160 (2003); … [because] … the relief sought by the applicant in the application is not a

---

[3] The writ was dismissed by the South Carolina Supreme Court on April 23, 2013 (doc. 37-21). The petitioner filed a notice of appeal (doc. 37-22) from the order dismissing the writ of mandamus. The South Carolina Supreme Court construed the notice as a petition for rehearing and denied rehearing on June 5, 2013 (doc. 37-23). A separate remittitur was not issued.

> cognizable relief claim for post-conviction relief under any of the statutory grounds[;] … that the allegations set forth in his application and his two filed Conditional Order of Dismissal responses must also be summarily dismissed because [they are] successive to his prior application for post-conviction relief[;] … [and] that the allegations set forth in his application and his two filed Conditional Order of Dismissal responses should be summarily dismissed for failure to comply with the … [statute of limitations in§ 17-27-45(A)]."

(Doc. 37-24 at 5-7).

> Judge Goodstein further found that:
>
> [A]t the hearing on Respondent's Motion to Dismiss, Applicant, through his counsel, orally moved to amend his application to include a new ground for relief: that trial counsel Crystal Chapman, Esquire, failed to inform him of his right to appeal his guilty plea due to significant health concerns that hindered her ability to adequately represent Applicant. This Court grants Applicant's motion to amend his allegation to include this new ground for relief. Furthermore, this Court requests that the matter be set for an evidentiary hearing exclusively on this additional ground during a regularly scheduled term of court for post-conviction relief matters for the First Judicial Circuit, with leave for the State to make any motions regarding this additional ground at that time if necessary.

(Doc. 37-24 at 8).

On May 22, 2014, the respondent filed an amended return and motion to dismiss (doc. 37-25). In the pleadings, the respondent argued that the petitioner's "new claim" that he was denied an appeal of his guilty plea should be summarily dismissed because it was successive, as he could have raised the allegation in his two prior PCR applications. The respondent further argued that a party asserting that he is entitled to an appellate review pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974), must raise the issue in his initial post-conviction relief filing or the issue is waived. *Graham v. State*, 661 S.E.2d 337 (S.C. 2008).

On May 27, 2014, the Honorable Maité Murphy held a hearing. The petitioner was present with attorney Jonathan Waller. Assistant Attorney General Megan E. Harrigan

represented the respondent. At the start of the hearing, the respondent renewed its motion to dismiss. On June 24, 2014, the court filed an order granting the motion to dismiss stating that the 2012 PCR application was successive. The judge further found that the petitioner could have raised the alleged new allegation in his previous PCRs (doc. 37-27 at 7-8).

*PCR Appeal*

The petitioner timely served and filed a notice of appeal. Mr. Waller represented him in collateral appellate proceedings. On August 26, 2014, the South Carolina Supreme Court filed an order dismissing the appeal of denial of the petitioner's third PCR application. The court found that the petitioner had "failed to show there is an arguable basis for asserting the determination by the lower court was improper," as required by Rule 243(c), SCACR. Further the court's order provided:

> Moreover, we hereby prohibit petitioner from filing any further collateral actions in the circuit court, including PCR actions and habeas corpus actions, challenging his armed robbery conviction from 2004 without first obtaining permission to do so from this Court.

(Doc. 37-30).

*Prior Federal Petition*

On January 24, 2011, during the pendency of the second (2010) PCR application, the petitioner filed a Section 2254 petition in this court in which he challenged his 2004 conviction for armed robbery. *See Timothy Charley, #265146, a/k/a Timothy L. Charley v. Willie Eagleton*, C/A No. 6:11-107-CMC-KFM. On February 2, 2011, the undersigned filed a report and recommendation in which it was recommended that the petition be summarily dismissed *without prejudice* because the petitioner had not exhausted his state remedies. The petitioner filed objections to the report and recommendation, but the case was dismissed by the district court on February 14, 2011. The petitioner did not appeal. On April 24, 2011, he filed a petition for writ of mandamus in the United States

7

Supreme Court, seeking relief from the district court's decision. The petition was denied by letter order on October 3, 2011 (doc. 37-32).

## FEDERAL PETITION

In his federal petition for writ of habeas corpus now before this court, the petitioner makes the following claims of error (verbatim):

> **Ground One**: Ineffective assistance of PCR counsel.
> **Supporting facts**: There is tangible evidence that was presented to the PCR court and marked Exhibit 1 that discloses petitioner's attorney did willfully join[ ] with Attorney General in a criminal conspiracy against this client. This evidence clearly showed both officers [were] communicating with an improper intent. The petitioner respectfully requested counsel be relieved but his motion was denied when evidence was present to show his attorney's loyalty was to or in favor of the opposition.
>
> **Ground Two**: Denial of due process and equal protection of the laws.
> **Supporting facts**: The record will show the petitioner's default judgment was entered May 1, 2014. Once the clerk entered this, the court or Judge was to pronounce the judgment. The affidavit that showed the amount certain and that which could be made certain was provided, but this process of law was denied petitioner. Petitioner filed (2) writ of mandamus to compel the court to perform this duty owed to petitioner.
>
> **Ground Three**: Plain error.
> **Supporting facts**: Petitioner's default was entered May 1, 2014 against the respondent (State of South Carolina) in the amount of 1) petitioner's unconditional release from the South Carolina Department of Corrections, and 2) check in the amount of five billion, eight hundred and seventy two million dollars to be presented him at his release. (See attached memorandum in support). Petitioner was denied this process which amounted to plain error.
>
> **Memorandum in Support**
> The petitioner respectfully brings his Grounds of plain error and denial of due process and equal protection of the law based on the fact the record would show on the whole face he (petitioner) who awarded default judgment against the respondent in the total amount of 1) five billion eight hundred and seventy-two million ($5,872,000,000) dollars and 2) petitioner's unconditional release from the South Carolina Department of Corrections on May 1, 2014 in Case No. 2012-CP-38-01016 in

>the Orangeburg County courthouse by Ms. Sandra P. Owens, Clerk of Court. The petitioner contends the respondent is without jurisdiction to detain him or his property owed him by the respondent due to the fact of the record he has already won his case through default. This plain error, if uncorrected, would be an affront to the integrity and reputation of judicial proceedings. U.S. v. McCord, 166 U.S. App. D.C. 1, 501 F.2d 334, 341. The petitioner presents questions of view for this court's determination and respectfully asks this court to render summary judgment based upon the true facts stated by petitioner and supported by the record that default was entered May 1, 2014 in his favor:
>
>1. Whether default judgment was entered against the respondent May 1, 2014?
>
>2. Whether petitioner was denied due process and equal protection when respondent refused to release petitioner and property owed petitioner when respondent was defaulted?
>
>3. Whether petitioner is entitled to his immediate personal and property release by summary judgment based upon the fact record show default has been entered?

(Doc. 1 at 5-8; doc. 1-1).

On September 22, 2014, the petitioner file a motion for summary judgment (doc. 12). The respondent was granted an extension of time until December 4, 2014, to respond to the motion for summary judgment. On October 27, 2014, the petitioner filed a motion for default judgment (doc. 18). On November 6, 2014, the respondent filed a response in opposition (doc. 25). On November 12, 2014, the undersigned filed a report and recommendation (doc. 27) recommending that the petitioner's motion for default judgment be denied as meritless. The report and recommendation on the motion for default judgment is pending before the district court. The petitioner filed a second motion for default judgment on November 12, 2014 (doc. 30). On November 26, 2014, the respondent filed a return and motion for summary judgment (docs. 32, 33). By order filed on December 1, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 4, 2014, the respondent filed

9

a response in opposition (doc. 38) to the petitioner's motion for summary judgment (doc. 12). On December 11, 2014, the petitioner filed a response in opposition (doc. 39) to the respondent's motion for summary judgment (doc. 33). On January 7, 2015, the petitioner filed a motion for writ of mandamus (doc. 45) in which he argued, as he did in the motions for default judgment, that the respondent did not timely respond to his motion for summary judgment.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[4] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, the petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A). The petitioner's state court convictions became final ten days after the entry of his September 9, 2004, guilty plea and sentence, as this was the last day on which he could serve a notice of appeal. *See* Rule 203(b)(2), SCACR, (stating a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Thus, his period of limitation began on September 20,

---

[4] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[5] The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

2004,[6] and expired one year later on September 20, 2005. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("We now make clear … [that] [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.").

The petitioner filed a state PCR action on May 7, 2009, approximately four and a half years after his conviction became final. This first PCR application was rejected as untimely and thus was not "properly filed" and cannot toll the federal habeas statute of limitations. *See Artuz*, 531 U.S. at 8*; Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (state court rejected litigant's post-conviction application as untimely; hence, it was not "properly filed" and, therefore, litigant was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)). Furthermore, the petitioner's second and third PCR applications were dismissed based on the statute of limitations and successiveness, and thus they also were not "properly filed" and could not toll the statute of limitations. Moreover, even if the PCR applications had been properly filed and could toll the statute of limitations, the current federal petition would still be untimely as the time period for filing the federal habeas petition had already expired when the petitioner's first PCR application was filed.

---

[6] Because September 19, 2004, the tenth day after his convictions and sentence, was a Sunday, the petitioner had until the following Monday to serve his notice of appeal. *See* Rule 263(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period ... is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday.").

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court. The petitioner delivered the federal petition to the prison mailing system on September 2, 2014 (doc. 1-3), which was nearly ten years after his state court convictions became final.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000)*.* " To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted); *Garvin v. Eagleton*, C.A. No. 8:12-1165-JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations.").

In his petition, the petitioner asserts that on May 1, 2014, the Orangeburg County Clerk "entered default [in his PCR action] in the amount of Petitioner's unconditional release and five billion, eight-hundred and seventy-two million dollars against the respondents" (doc. 1 at 13). He further argues that he "has exhausted every available remedy to acquire his entitlement but has been denied due process of law. This is the only remedy left for him which is a proper one. This Petition isn't barred because default was

13

entered May 1, 2014, and it hasn't been a year since that judgment was entered" (*id.*). He asserts the same default claim in his motion for summary judgment (doc. 12).

The respondent argues that this claim is incorrect, as default judgment was never entered on the petitioner's behalf during any of the three PCR actions. This court agrees. As set forth above, judgment in the petitioner's PCR actions was entered on behalf of the respondent on procedural grounds because the PCR applications were untimely and/or successive. Further, the respondent's attorney states that he has inspected the files of the South Carolina Attorney General's Office relating to the various challenges to his convictions that the petitioner has filed, and the respondent does not have a copy of any judgment in the petitioner's favor in any of its files. Likewise, counsel's administrative assistant contacted the Orangeburg County Clerk of Court and verified that judgment was never entered on the petitioner's behalf (doc. 32 at 19).

The respondent has submitted a *pro se* motion for default judgment that the petitioner filed on May 1, 2014, in his third (2012) PCR action (doc. 37-26). However, no action would have been taken by the PCR court on this motion because the respondent was not in default in the 2012 action, and the petitioner did not have the right to file a document *pro se* when he was represented by counsel since South Carolina does not recognize the right to hybrid representation. *See, e.g., State v. Rivera*, 741 S.E.2d 694, 701 (S.C. 2013) ("'There is no constitutional right to hybrid representation either at trial or on appeal.'") (citation omitted); *State v. Stuckey*, 508 S.E.2d 564, 564 (S.C. 1998) ("[Because] there is no right to hybrid representation, substantive documents filed [*pro se*] by a person represented by counsel are not accepted unless submitted by counsel"). Furthermore, following the petitioner's filing of the motion for default judgment, the PCR judge filed an order granting the respondent's motion to dismiss the "new allegation" in the third PCR action, finding that the application was successive (doc. 37-27 at 7-8).

Based upon the foregoing, the petitioner has not shown that he has pursued his rights diligently, nor has he shown that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. Accordingly, the petitioner is

not entitled to equitable tolling, and his petition is barred by Section 2244(d)(1) and should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 33) be granted and the petitioner's motion for summary judgment (doc. 12) be denied. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004). The undersigned further recommends that the petitioner's second motion for default judgment (doc. 30) and motion for writ of mandamus (doc. 45) be denied for the same reasons given in the report and recommendation on the petitioner's first motion for default (*see* doc. 27).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

March 9, 2015
Greenville, South Carolina