UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Timothy Charley,

          Petitioner,

vs.

John Pate,

          Respondent.

Civil Action No.: 6:14-3568-BHH

**Opinion and Order**

The petitioner Timothy Charley ("the petitioner" or "Charley"), a state prisoner proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation. Magistrate Judge McDonald has issued two Reports and Recommendations. The first one recommends denying the petitioner's motion for default judgment. (ECF No. 27.) The second one recommends that the respondent's motion for summary judgment be granted and the petitioner's motion for summary judgment be denied, and that the petitioner's second motion for default judgment and motion for writ of mandamus be denied for the reasons set forth in the first Report and Recommendation. (ECF No. 50.) Both Report and Recommendations set forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them without recitation.

1

## **BACKROUND**

The petitioner filed this action against the respondent alleging *inter alia* ineffective assistance of post-conviction relief counsel, denial of due process and equal protection of the laws, and plain error.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the

2

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**First Report and Recommendation**

On November 12, 2014, the Magistrate Judge issued his first Report and Recommendation recommending that the petitioner's motion for default judgment (ECF No. 18) be denied. (ECF No. 27). The petitioner filed Objections on December 1, 2014. (ECF No. 34.) The Court has carefully reviewed this document and finds the petitioner's arguments unpersuasive. The petitioner does not direct the Court to any error in the Magistrate Judge's analysis, but rather rehashes the contentions already raised in his motion for default judgment. The Magistrate Judge more than adequately addressed the timeliness of the respondent's response to the petitioner's motion for summary judgment in his thorough and well-reasoned Report, and after *de novo* review of the Report and the record, the Court fully agrees with his analysis. The petitioner's objections, while verbose, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition and must be overruled.

**Second Report and Recommendation**

On March 9, 2015, the Magistrate Judge issued his second Report and Recommendation recommending that the respondent's motion for summary judgment (ECF No. 33) be granted and the petitioner's motion for summary judgment (ECF No. 12) be denied, and that the petitioner's second motion for default judgment (ECF No. 30) and motion for writ of mandamus (ECF No. 45) be denied for the reason set forth in

3

the first Report and Recommendation. (ECF No. 50.) The petitioner filed Objections on March 19, 2015. (ECF No. 52.) Once again, the petitioner does not direct the Court to any error in the Magistrate Judge's analysis, but rather rehashes the same argument that the respondent failed to timely respond to his motion for summary judgment. The Magistrate Judge more than adequately addressed the timeliness of the respondent's response to the petitioner's motion for summary judgment in his first Report and Recommendation. The petitioner fails to address any other aspect of this Report and Recommendation. After a *de novo* review of the Report and the record, the Court fully agrees with the analysis of the magistrate judge. The petitioner's objections still provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.

## **CONCLUSION**

After a thorough review of the Reports, the record, and the applicable law, the Court finds that the objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge in both Report and Recommendations, the Court overrules the petitioner's objections and, adopts the Magistrate Judge's Report and Recommendations (ECF Nos. 27 & 50.) It is therefore

ORDERED that the respondent's motion for summary judgment (ECF No. 33) is GRANTED and the petitioner's first motion for default judgment, motion for summary judgment, second motion for default, motion for writ of mandamus, motion for judgment order of release and payment, and motion for judgment and relief (ECF Nos. 12, 18, 30, 45, 54,& 57) are DENIED.

4

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 17, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5